# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE DIVISION

| | |
|---|---|
| **CHRISTOPHER ALLEN PHILLIPS,** ) | |
| ) | **3:23-CV-00337-DCLCM-JEM** |
| Plaintiff, ) | **JURY DEMANDED** |
| ) | |
| vs. ) | |
| ) | |
| **CONSOLIDATED NUCLEAR SECURITY, LLC,** ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

Comes now the Plaintiff, by and through counsel, pursuant to the Tennessee Human Rights Act (codified at T.C.A. §§ 4-21-101, et seq.) as well as the Federal Age Discrimination in Employment Act of 1967 (codified at 29 U.S.C. §§ 621 and 634, et. seq.) and would respectfully submit this Amended Complaint herein as against the above-named Defendant. In support of his Amended Complaint, the Plaintiff would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

1. The Plaintiff, Christopher Allen Phillips (hereinafter "Plaintiff" or "Mr. Phillips"), is a citizen and resident of Knox County, Tennessee.

2. Upon information and belief, the Defendant, Consolidated Nuclear Security, LLC, (hereinafter, sometimes, "Consolidated," or "Employer,") is a Delaware Limited Liability Company with a principal place of business located at 301 Bear Creek Road, Oak Ridge, Tennessee 37830.

3. Upon information and belief, Employer may be served with process via its Registered Agent for Service of Process: United Agent Group, Inc., 205 Powell Place, Brentwood, Tennessee, 37027.

4. Upon information and belief, all incidents relevant to the cause herein occurred in or around Oak Ridge, Anderson County, Tennessee.

5. Further, upon information and belief, all incidents and occurrences relevant to the cause herein were in violation of the Tennessee Human Rights Act, various Tennessee Statutes, Tennessee Common Law, and/or the Federal Age Discrimination in Employment Act of 1967 (codified at 29 U.S.C. §§ 621 and 634). Therefore, the Plaintiff would respectfully submit, jurisdiction and venue are proper with this Honorable Court.

## STATEMENT OF FACTS

6. Mr. Phillips has been an employee of Consolidated since August 17, 2015.

7. During that period, Mr. Phillips has held the following positions: Planner/Estimator and Maintenance Supervisor.

8. At no time prior to April 2023 had Mr. Phillips received a reprimand for violation of safety standards and had, in point-of-fact, received commendation after commendation for his high-quality work performance and safety compliance.

9. Moreover, Employer requested Mr. Phillips to train two (2) employees, with one (1) under the age of forty (40), to conduct maintenance supervision of the Employer's various maintenance projects.

10. As set forth below, Mr. Phillips was improperly terminated by Consolidated on May 17, 2023, allegedly as a result of occurrences taking place on April 14, 2023.

11. In early April 2023, Mr. Phillips was assigned to facilitate a certain work project outside of normal working hours.

12. This project was to begin on April 14, 2023.

13. At the very beginning of the workday on April 14, 2023, Mr. Phillips met with his crew, briefed them, and elected a course of action;

14. At 7:00 a.m., Mr. Phillips authorized certain overtime Pipe Fitters to enter the worksite;

15. At 7:10 a.m., Mr. Phillips conducted a pre-job briefing with the Pipe Fitters;

16. At 7:20 a.m., Mr. Phillips had the Pipe Fitters perform a lockout of the system;

17. At 7:30 a.m., Mr. Phillips assigned production workers to assist the Pipe Fitters in draining the system so that the Pipe Fitters could cut the pipe at two (2) low points in the system;

18. Over the next hour, that work was being performed;

19. At 8:30 a.m., the Pipe Fitters finished cutting the pipe, then threaded the existing pipe, and capped the pipe off;

20. At 8:45 a.m., Mr. Phillips informed the production staff that they were no longer needed on the project site;

21. At 9:15 a.m., Mr. Phillips had the Pipe Fitters begin removing pipe from the pipe rack and cutting it into smaller pieces;

22. At 9:30 a.m., Mr. Phillips authorized overtime Machinists to enter the worksite;

23. Mr. Phillips then conducted a brief meeting with said Machinists on the project;

24. At 9:45 a.m., one of the Machinists got some material on his person that had expelled from a pipe: he immediately went to Radcon for guidance;

25. At that point, it was discovered that some form of toxic substance was exiting certain pipes that were being cut;

26. At 10:00 a.m., Radcon instructed everyone off of the jobsite;

27. Mr. Phillips then paused work on the project to determine the appropriate course of action;

28. At 10:15 a.m., further discussions were held in the break room;

29. At 10:30 a.m., Mr. Phillips met with the production supervisor to discuss how the project should proceed;

30. At 10:45 a.m., the Pipe Fitters requested that their Chief Steward meet with Mr. Phillips to discuss a plan for their portion of the project;

31. At 11:00 a.m., Mr. Phillips met with the production supervisor a second time;

32. At 11:15 a.m., Mr. Phillips informed the Pipe Fitters that a new plan of action had been determined and that they were to proceed with that new plan at 12:30 p.m.;

33. At 12:30 p.m., Mr. Phillips and the Pipe Fitters returned to the jobsite and worked at the jobsite until 2:45 p.m. when they all left the premises;

34. At 3:00 p.m., Mr. Phillips was informed by the shift manager that he was not to return to the jobsite on Saturday, April 15, 2023;

35. At 3:15 p.m., Mr. Phillips called his immediate supervisor and informed him of the events of that morning and afternoon;

36. Thereafter, on Monday, May 17, 2023, the Pipe Fitters requested Mr. Phillips to notify the shift manager of the conditions of the Friday job.

37. At 7:00 a.m. on April 17, 2023, Mr. Phillips met with his supervisor.

38. During that meeting Mr. Phillips was instructed to secure signatures from several production staff members for the pre-job briefing on April 14. None of those three staff members had attended the pre-job briefing.

39. As such, Mr. Phillips requested those staff members to sign the pre-job briefing sheet—two did so and one did not.

40. According to a letter that Mr. Phillips received from the Employer, dated June 6, 2023, Consolidated is taking the position that Mr. Phillips' actions as a supervisor and leader on April 14, 2023, allegedly failed to meet Employer's procedures and safety standards.

41. Consolidated has, to this point in time, failed to provide Mr. Phillips with a copy of his personnel file—citing some bureaucratic red tape that must be addressed before they could produce said personnel file—despite several requests.

42. However, in Mr. Phillips' Separation Notice, Consolidated appears to be taking the position that Mr. Phillips violated some internal code titled "DS139 Other."

43. In the above-referenced letter, dated June 6, 2023, Employer alleges that several employees reported work safety issues to Mr. Phillips and that he did not pause work on the project to address those concerns:

44. Said letter goes on to allege that Mr. Phillips did not await guidance from the proper authorities before continuing work on the project; and that Mr. Phillips had asked employees to sign a pre-job roster though he did not conduct a pre-job briefing; and, that Mr. Phillips had conduct work inside a boundary area without the proper equipment.

45. As noted in the timeline above, the allegations regarding Mr. Phillips' allegedly failing to pause work and to conduct a pre-job briefing are simply baseless and misplaced.

46. Indeed, not only did Mr. Phillips pause work on several occasions, he met with both the production supervisor and the Pipe Fitters' Chief Steward before moving forward.

47. As regarding proper equipment, Mr. Phillips had a radiological technician with him at the jobsite the entire time. If there was a radiological safety concern, that technician should have informed Mr. Phillips AND advised him to utilize additional equipment.

48. Given the above, it is clear that Consolidated's alleged bases for terminating Mr. Phillips were baseless and pretextual.

49. Further, upon removing Mr. Phillips from the above-referenced project, Consolidated moved forward with the project under the supervision of project supervisors who are under the age of forty (40), in direct contravention of the Tennessee Human Rights Act.

50. Upon information and belief, Employer forced the production supervisor, who was also over the age of forty (40), into early retirement.

## CAUSES OF ACTION

52. For purposes of his Causes of Action herein below, the Plaintiff adopts—by reference—all facts set forth hereinabove as if set forth specifically and adopted individually.

53. Given the above, the Plaintiff would aver that he has suffered extensive and severe embarrassment and humiliation as a result of the Defendant's discriminatory actions in demoting him, suspending him and, eventually, terminating him.

54. Plaintiff would further aver that he has sustained loss of income/back pay, and health and retirement benefits, and various other benefits associated with his former employment—including his pay level(s) and seniority.

55. Such actions were in direct contravention of the letter and the spirit of the Tennessee Human Rights Act, as codified at T.C.A. §§ 4-21-101, et seq., and has since resulted in, at minimum, negligence on the part of the Defendant by way of its employees, officers, agents, etc., and actionable under the theory of respondeat superior, in that:

a. Upon information and belief, representatives, employees, officers, and/or agents of the Defendant have prevented the Plaintiff from securing other/similar employment in the Anderson County, Tennessee, community; and/or,

b. Upon information and belief, representatives, employees, officers, and/or agents of the Defendant have made verbal statements and/or propagated written communications to representatives of other/similar employers in the Anderson County, Tennessee, community, for purposes of inhibiting the Plaintiff from securing other/similar employment in the Anderson County, Tennessee, community; and/or

c. Upon information and belief, representatives, employees, officers, and/or agents of the Defendant have blackballed the Plaintiff so as to prevent him from being able to secure other/similar employment in the Anderson County, Tennessee, community.

56. As such, the Defendant's actions were in direct contravention of Tennessee Common Law.

57. Moreover, the actions of the Defendants constituted a direct violation of the terms of the Age Discrimination in Employment Act of 1967.

58. In that vein, the Plaintiff, more than sixty days prior to the filing of this Amended Complaint herein, submitted a claim with the Federal Equal Employment Opportunity Commission. (A copy of that Claim is attached hereto for the Court's convenience as Exhibit "A").

59. Given that more than sixty calendar days have expired since the filing of his Claim with the Federal Equal Employment Opportunity Commission, the Plaintiff would submit that he has sufficiently exhausted his administrative remedies with the Federal Equal Employment Opportunity Commission, under the expressed terms of 29 U.S.C. §§ 621 and 634

et. seq., so as to bring his Amended Complaint for relief under the Age Discrimination in Employment Act of 1967 herein.

**PRAYERS FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff would respectfully pray as follows:

1. That this Honorable Court would issue service of process against the above-named Defendant—requiring it to Answer the Complaint herein within thirty (30) calendar days of being served with process;

2. That this Honorable Court facilitate efficient and appropriate written and oral discovery as between the Parties so as to facilitate a prompt and timely trial of the Plaintiff's case;

3. That this Honorable Court empanel a Jury of the Plaintiff's peers to hear the Plaintiff's cause herein and (A) render a verdict as to both liability and damages in the Plaintiff's favor for Age Discrimination, embarrassment, humiliation, and violation of the Tennessee Human Rights Act, Tennessee Common Law and the Federal Age Discrimination in Employment Act of 1967; (B) award the Plaintiff all back pay to which he is entitled and (C) restore the Plaintiff to his position with the Employer—while ensuring that his future employment is not tainted by a hostile work environment;

4. That this Honorable Court award the Plaintiff compensable damages not to exceed two hundred, fifty thousand dollars ($250,000.00) and award the Plaintiff punitive damages not to exceed Seven Hundred, Fifty Thousand Dollars ($750,000.00);

5. That this Honorable Court Order the Employer, moving forward, to instruct its employees that the Plaintiff is not to be discriminated against, harassed or subject to a hostile work environment in the future—related either to (1) his original employment situation, (2) his demotion, (3) his suspension, (4) his termination, and/or (5) his filing suit herein.

6. Alternatively, if this Honorable Court determines that it would be impossible for the Defendant to eliminate any substantial the risk of discrimination and/or a hostile work environment, that this Honorable Court award Plaintiff front pay as per the terms of the Tennessee Human Rights Act and/or the Federal Age Discrimination in Employment Act of 196;

7. That this Honorable Court award the Plaintiff his attorneys' fees and costs, expert fees and costs, costs associated with service of process, and all court costs and filing fees; and

8. That this Honorable Court award the Plaintiff any and all additional and/or further compensation to which he may be entitled under Tennessee Law and Jurisprudence.

Respectfully submitted this the 7th day of February, 2023.

> **/s/ Dail R. Cantrell**
> **/s/ Daniel R. Goodge**
> **DAIL R. CANTRELL (014780)**
> **DANIEL R. GOODGE (023647)**
> **Attorneys for Plaintiff**
> **P.O. Box 299**
> **Clinton, TN 37717**
> **Phone: 865-457-9100**
> **Fax: 865-463-7881**
> **dcantrell@cantrell-law.com**
> **dgoodge@cantrell-law.com**

**THE CANTRELL LAW FIRM**
**P. O. Box 299**
**Clinton, TN 37717**
**(865) 457-9100**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 7th day of February, 2024, a true and exact copy of the foregoing was filed electronically and served through the operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via U.S. Mail. Parties may access this filing through the Court's electronic filing system.

**John C. Burgin, Jr.**
**Kramer Rayson, LLP**
**800 S. Gay Street,**
**Suite 2500**
**Knoxville, Tennessee 37929**
**jcburgin@kramer-rayson.com**

                                                **/s/ Daniel R. Goodge**
                                                Daniel R. Goodge (02347)
                                                THE CANTRELL LAW FIRM
                                                PO Box 299
                                                Clinton, TN 37717
                                                (865) 457-9100
                                                Email: **dgoodge@cantrell-law.com**